## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Annette Spagnolo-Yost,<br><br>Plaintiff,<br><br>vs.<br><br>Financial Asset Management Systems, Inc., *a foreign corporation*,<br><br>Defendant. | Civil File No.: _____<br><br><br>**COMPLAINT**<br><br><br>**JURY TRIAL DEMANDED** |

## INTRODUCTION

1. This action arises out of the Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") and Defendant's Invasion of Plaintiff's Privacy.

## JURISDICTION

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331, pursuant to 15 U.S.C. § 1692k(d) and under 28 U.S.C. § 1367 for pendent state law claims.

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

## PARTIES

4. Plaintiff Annette Spagnolo-Yost ("Spagnolo" or "Plaintiff") is a natural person residing in the County of Dakota, State of Minnesota, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Financial Asset Management Systems, Inc. ("FAMS" or "Defendant"), upon information and belief, is a foreign corporation that operates as a debt collection agency from an address of 70 Corporate Hills Drive, Saint Charles, Missouri 63301. FAMS is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

6. Plaintiff allegedly incurred a financial obligation with unknown creditor, which is a creditor as that term is defined by 15 U.S.C. § 1692a(4).

7. The alleged obligation was primarily for personal, family or household purposes, which is an alleged "debt" as that term is defined by 15 U.S.C § 1692a(5), namely a consumer debt.

8. Plaintiff's alleged debt was consigned, placed or otherwise transferred to Defendant for collection from Plaintiff sometime before September 2010.

9. On or about September 9, 2010, a debt collector named "Randy," who was employed by FAMS at all times relevant herein, contacted Plaintiff's place of employment in an attempt to collect a debt, which was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

10. During this communication, "Randy" talked to Plaintiff's co-worker, Jayne Ochs.

11. During this communication, "Randy" asked Jayne Ochs if she could talk with Plaintiff.

12. Jayne Ochs told "Randy" that Plaintiff was unable to talk because Plaintiff was busy with a customer.

13. "Randy" gave Jayne Ochs her contact number, 1-800-530-3947, extension 2320, and told Jayne Ochs that the telephone call was about a financial issue with FAMS.

14. Approximately twenty minutes after the first telephone call, a debt collector named "Ms. Jones," who was employed by FAMS at all times relevant herein, contacted Plaintiff's place of employment, which was "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

15. Based upon information and belief, "Ms. Jones" and "Randy" are the same person.

16. "Ms. Jones" again communicated with Jayne Ochs.

17. During this communication, "Ms. Jones" asked for Plaintiff again and Jayne Ochs told her that Plaintiff was unable to talk to her because Plaintiff was busy with a customer.

18. "Ms. Jones" responded snidely by telling Jayne Ochs that she gave the same excuse before.

19. Jayne Ochs told "Ms. Jones" that Plaintiff could not receive personal telephone calls at work and that "Ms. Jones" should stop trying to contact Plaintiff at work.

20. "Ms. Jones" again left the following contact information: 1-800-530-3847, extension 2320.

21. Approximately twenty minutes after the second telephone call, a debt collector, who was employed by FAMS at all times relevant herein, contacted Plaintiff's place of employment, which was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

22. Based upon information and belief, the debt collector who made the third telephone call was "Ms. Jones" and/or "Randy."

23. During this communication, the debt collector asked to speak to human resources in order to garnish Plaintiff's wages.

24. Jayne Ochs gave this debt collector the corporate telephone number for Plaintiff's place of employment.

25. Plaintiff then contacted Fran Kuhn, a legal assistant who is employed by Plaintiff's attorney Robert Wendling.

26. Fran Kuhn set up a conference call with her and Plaintiff, and they contacted "Ms. Jones" at FAMS.

27. During this conference call, Fran Kuhn asked "Ms. Jones" if FAMS had a judgment against Plaintiff.

28. "Ms. Jones" responded by saying no.

29. On or about September 29, 2010, Plaintiff was reprimanded for receiving personal telephone calls at work that were made by "Ms. Jones" and/or "Randy."

30. Plaintiff's wages have not and were never garnished by FAMS.

31. Defendant's unlawful attempts to collect a debt from Plaintiff were done in violation of 15 U.S.C. §§ 1692b, 1692c(3), 1692c(b), 1692d, 1692d(6), 1692e, 1692e(2)(A), 1692e(5), and 1692e(10).

32. Defendant's conduct caused Plaintiff actual damages under the FDCPA in the form of emotional distress, fear, humiliation and anxiety from being harassed by FAMS.

33. Plaintiff has incurred actual damages under the FDCPA in the form of out-of-pocket expenses as a result of FAMS's acts and omissions.

### *Respondeat Superior Liability*

34. The acts and omissions of Defendant's employees, who communicated with Plaintiff as more fully described herein, were committed within the time and space limits of their agency relationship with their principal, FAMS.

35. The acts and omissions by Defendant's employees were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by FAMS in collecting consumer debts.

36. By committing these acts and omissions against Plaintiff, Defendant's employees were motivated to benefit their principal, FAMS.

37. Defendant FAMS is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its collection employees, including but not limited to violations of the FDCPA in their attempts to collect this debt from Plaintiff.

### **TRIAL BY JURY**

38. Plaintiff is entitled to and hereby demands a trial by jury. US Const. Amend. 7. Fed. R. Civ. Pro. 38.

## **CAUSES OF ACTION**

### **COUNT I.**

### **VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692 ET SEQ.**

39. Plaintiff incorporates by reference each and every above stated allegation as though fully stated herein.

40. The foregoing acts of the Defendant constitute distinct violations of the FDCPA against the Plaintiff herein, including but not limited to each and every one of the above cited provisions of the FDCPA, 15 U.S.C § 1692 *et. seq*.

41. As a result of said violations, Plaintiff has suffered actual damages in the form of humiliation, anger, anxiety, emotional distress, fear, frustration, and embarrassment, amongst other negative emotions, and therefore Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1) of the FDCPA.

42. As a result of said violations, Plaintiff has incurred out-of-pocket expenses, and therefore Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1) of the FDCPA.

43. As a result of said violations, Plaintiff is entitled to statutory damages of $1,000.00 from Defendant, and for Plaintiff's attorney fees and costs pursuant to 15 U.S.C. § 1692k(a)(2)(A) and 15 U.S.C. § 1692k(a)(3).

### **COUNT II.**

### **INVASION OF PRIVACY BY INTRUSION UPON SECLUSION**

44. Plaintiff incorporates by reference each and every above paragraph as though fully stated herein.

45. Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its findings:

> *Abusive debt collection practices contribute* to the number of personal bankruptcies, to marital instability, to the loss of jobs, and *to invasions of individual privacy*.
>
> 15 U.S.C. § 1692(a) (emphasis added).

46. Defendant intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and/or private concerns or affairs of Plaintiff.

47. Defendant intentionally and/or negligently caused emotional harm to Plaintiff by engaging in highly offensive conduct in the course of collecting this debt, thereby invading and intruding upon Plaintiff's right to privacy.

48. Plaintiff had a reasonable expectation of privacy in her solitude, seclusion, and private concerns or affairs.

49. The conduct of Defendant in engaging in the above-described illegal attempts to collect this debt resulted in multiple intrusions and invasions of privacy by Defendant, which occurred in a way that would be highly offensive to a reasonable person in that position.

50. As a result of such intrusions and invasions of privacy, Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendant under the doctrine of Respondeat Superior liability.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that this Court enter the following judgment, in Plaintiff's favor:

### COUNT I: FDCPA VIOLATIONS

- For declaratory and injunctive relief;
- For an award of statutory damages of $1,000.00 for the Plaintiff herein, for violations of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A), against Defendant;
- For an award of costs and reasonable attorneys' fees under the FDCPA pursuant to 15 U.S.C. § 1692k(a)(3), against Defendant, for Plaintiff herein;
- For an award of actual damages, costs and reasonable attorney fees pursuant to 15 U.S.C. §1692k(a)(1) against Defendant herein in an amount to be determined at trial;

### COUNT II: INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

- For an award of actual and compensatory damages from Defendant for the emotional distress suffered as a result of the intentional and/or negligent FDCPA violations and intentional and/or negligent invasions of privacy in a reasonable amount in excess of $50,000.00; and
- For such other and further relief as may be just and proper.


Dated:  February 24, 2011.          **MARSO AND MICHELSON, P.A.**


                                By:   s/Patrick L. Hayes
                                    Patrick L. Hayes (0389869)
                                    William C. Michelson (129823)
                                    Attorneys for Plaintiff

3101 Irving Avenue South
Minneapolis, Minnesota 55408
Telephone: 612-821-4817
phayes@marsomichelson.com
bmichelson@marsomichelson.com